**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 7, 2011

No. 10-20668
Summary Calendar

Lyle W. Cayce
Clerk

HABIBA EWING,

Plaintiff-Appellant

v.

METROPOLITAN LIFE INSURANCE COMPANY,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
(08-CV-2697)

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Habiba Ewing appeals from the district court's grant of summary judgment to Metropolitan Life Insurance Company ("MetLife") on Ewing's claim that MetLife erroneously denied her long-term disability benefits. Ewing injured her shoulder, leading to shoulder surgery followed by ongoing complaints of pain. Ewing worked for Shell Oil Company and was covered by the company's long term disability benefits plan ("Plan"). MetLife insures the payment of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20668

benefits under the plan and reviews claims filed thereunder. Ewing filed for long-term disability benefits. MetLife denied her claim on the ground that she was not "disabled," as the term is defined by the Plan. Ewing administratively appealed MetLife's determination, but was unsuccessful. She filed this lawsuit challenging the denial of benefits.

The terms of the Plan grant MetLife "discretionary authority to interpret the terms of the plan and to determine eligibility for and entitlement to plan benefits in accordance with the terms of the plan." Where a plan governed by ERISA grants the administrator "'discretionary authority with respect to the decision at issue,'" we review a denial of benefits for abuse of discretion. *Corry v. Liberty Life Assurance Co. of Bos.*, 499 F.3d 389, 397 (5th Cir. 2007) (quoting *Vega v. Nat'l Life Ins. Serv., Inc.*, 188 F.3d 287, 295 (5th Cir. 1999) (en banc)). We apply this deferential standard of review even where the administrator is also the party obligated to pay the benefits, although we consider any conflict of interest as a factor in our review. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 118 (2008). The administrator's decision must be supported by substantial evidence. *Id.* (citing *Ellis v. Liberty Life Assurance Co. of Bos.*, 394 F.3d 262, 273 (5th Cir. 2004)). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ellis*, 394 F.3d at 273.

Ewing argues that MetLife abused its discretion by applying an incorrect definition of "disabled." The Plan provided the following definition of disability:

> that, due to an Injury or Sickness, you require the regular care and attendance of a Doctor and . . . :

> 1.a. During the Elimination Period [before long term disability payments become available] and the 24 month period immediately following the Elimination Period, you are unable to perform each of the material duties of your regular job or a Comparable Occupation with the Employer which the Employer will have offered to such Employee, provided a Comparable Occupation is available; and

No. 10-20668

b. after the first 24 months of benefit payments, you must be unable to perform each of the material duties of any gainful work or service for which you are reasonably qualified taking into consideration your training, education, experience and past earnings.

MetLife's summary plan description, *see* 29 U.S.C. § 1022(a), provided a briefer but similar definition:

To qualify for LTD benefits you must be disabled; that is, you must:

Be under a doctor's care;

Be unable by reason of your illness or injury to perform the duties of your own job, or another job available within a participating company for which you are reasonably qualified, for at least 52 consecutive weeks;

Apply for benefits, including submitting medical evidence of disability acceptable to MetLife; and

Obtain MetLife's approval of your claim.

Ewing argues that MetLife misinterpreted these definitions by erroneously considering Ewing's employer's willingness to accommodate her symptoms when evaluating whether those symptoms prevented her from doing the duties of her job. This argument is without merit. By the terms of both the Plan and the summary plan description, MetLife was required to consider whether Ewing's injury or illness prevented her from performing the duties of her job or a comparable position within the company. It was not an abuse of discretion for MetLife to consider the employer's accommodations as part of its inquiry into the scope of Ewing's duties.[1]   *See Plyant v. Hartford Life & Accident Ins. Co.*, 497

---

[1] Ewing also argues that the summary plan description and the Plan itself were inconsistent. *See Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 982 (5th Cir. 1991) (holding that "if there is a conflict between the summary plan description and the terms of the policy, the summary plan description shall govern."). Ewing did not raise this issue below and therefore did not preserve it for appellate review. *See Celanese Corp. v. Martin K. Eby Const. Co.*, 620 F.3d 529, 531 (5th Cir. 2010) ("The general rule of this court is that arguments not raised before the district court are waived and will not be considered on appeal."). In any event, the definitions are similar for the purposes of the abuse of discretion Ewing has alleged.

No. 10-20668

F.3d 536 (5th Cir 2007) (rejecting argument that insurer "incorrectly included functional limitations in [beneficiary's] job description to accommodate her disability"); *Vercher v. Alexander & Alexander, Inc.*, 379 F.3d 222, 231 (5th Cir. 2004) (affirming administrator's conclusion that "so long as [beneficiary] was able to perform all the substantial and important aspects of her job, with reasonable accommodation, and any aspects of the job that she could not perform with reasonable accommodation were, singularly or together, *not* indispensable or essential to the job, then she was not disabled").

Ewing argues next that MetLife abused its discretion by failing to employ a vocational rehabilitation expert. Ewing failed to raise this issue in the district court and therefore has failed to preserve it for appeal. *Celanese Corp.*, 620 F.3d at 531. Moreover, insofar as we may consider the lack of a vocational rehabilitation expert as part of a general challenge to MetLife's denial based on arbitrariness or lack of evidentiary support, Ewing has not shown that it was an abuse of discretion to decline to employ a vocational rehabilitation expert in this case. *See Duhon v. Texaco, Inc.*, 15 F.3d. 1302, 1309 (5th Cir. 1994) (rejecting *per se* rule that an administrator abuses its discretion by failing to use a vocational rehabilitation expert).

Finally, Ewing argues that the district court erred in refusing to permit her to supplement the record below with additional medical records. This argument is without merit. The law of this circuit is that "when assessing factual questions, the district court is constrained to the evidence before the plan administrator." *Vega*, 188 F.3d at 299 (emphasis added); *see also Crosby v. La. Health Serv. & Indem. Co.*, 629 F.3d 457, 461 (holding "that *Vega* prohibits the admission of evidence to resolve the merits of the coverage determination . . . unless the evidence is in the administrative record, relates to how the administrator has interpreted the plan in the past, or would assist the court in

4

understanding medical terms and procedures"). Admission of additional medical records was unnecessary.

For the foregoing reasons, the judgment of the district court is AFFIRMED.